The next case for argument is 23-1772, Halo Electronics v. Pulse Electronics. Hard to believe we're still on Halo Electronics, is it not? Keeps giving. May it please the court, unless the court redirects me, I plan today to handle the issues in the order that we brief them. So first the issue of enhancement and fees, and then the Rule 41 issue. That's fine with me. Can I just ask you a preliminary question? You keep on repeatedly in the briefs you talk about enhancement and fees. I don't see any argument with respect to attorney's fees anywhere in this case. So what are we looking at? We're looking at the enhancement. Enhancement and attorney's fees. Below we did ask for attorney's fees. What argument have you made here with respect to the issue of the entitlement of attorney's fees? It's the same argument as for the enhanced. Having the case declared an exceptional case would trigger both an ability to obtain enhancement and an ability to obtain fees. So enhancement and exceptional is the same? Not necessarily. There's still an ability to determine how much. Did you argue this case was exceptional? Excuse me? Is there argument that the case is exceptional? Our argument is that we presented evidence that could be used to find that this case is exceptional, but the district court used the wrong legal test in denying enhancement and fees. But isn't our analysis of attorney's fees and enhancements different? It may be, but I think the first thing that we have to do is find whether the case is exceptional or not. Both of those flow from the Seventh Amendment issue with the jury. But you made no specific argument, did you, or at least I didn't see it, on enhancement, on exceptional, that this is an exceptional case entitling attorney's fees. I think we asked for both enhancement and fees, but used the same argument using the Reeve versus Kortech factors. That's not my question. Did you make a specific argument that this is an exceptional case that entitles you to attorney's fees under our exception jurisdiction, jurisprudence? I think both of those were made in the original briefing under Reeve versus Kortech, and I don't think our opponent has made any argument that was fall or rise or fall together. Okay. And, you know, under the rule of party presentment, they would have to make that argument for this court to affirm. I'm just wondering whether you waived it. There's been no argument that we waived it at all, and I think the party has to present that to court. I don't think Consuelo Esponte raised that issue. All right. On enhancement, I want to start by explaining what our fundamental issue is, because the red brief at 39 has said that we misstated the law in this area. Our position is not that you must enhance or award fees if there is a finding of willfulness by a jury. Our position is that in considering all of the factors, the Reeve versus Kortech factors or whatever factors are relevant, you have to give credit to the jury finding of willfulness. And there are, if you look at Reeve versus Kortech, factors 1 and 2, I think, 8 and 9, and some of them less so, involve a mens rea element to them. And the district court here did not do that. Now, as I assume, you're not arguing that there are no circumstances in which, in this situation, the court cannot say that the evidence just doesn't support what the jury did. And just as I would do in Rule 50B's situation, I disregard the jury's verdict. You're not suggesting that. I put past Jamal on willfulness, on the mens rea issues that are incorporated in the willfulness. But on willfulness, why is the analysis, I mean, you say the Seventh Amendment absolutely forecloses the district judge from saying, from overriding, directly overriding the jury's verdict. Why doesn't the kind of Seventh Amendment analysis that says, yes, the judge may do that under Rule 50B, why doesn't that apply equally to your Seventh Amendment analysis here? Well, I don't think the Fifth, well, first of all, I think it's agreed that there's substantial evidence to support those findings. Okay, but I'm trying to get the breadth of your Seventh Amendment argument. And what you just said a moment ago suggests to me that you think that there is an absolute prohibition on the judge overriding the jury's verdict because of the Seventh Amendment. And yet the Seventh Amendment permits the judge to override a jury's verdict under Rule 50B. Why should this standard be different from the one that applies to 50B? Well, because I think, and this, again, is not an argument that's been made by our opponent, but I will answer your question. Under Rule 50B has a long law on saying if there is no substantial evidence, that's why it doesn't interfere with the Seventh Amendment. But here we have substantial evidence. Right, but what you now seem to be saying is that if there's no substantial evidence, then the Seventh Amendment would not foreclose the district judge from doing what the judge, you say, did here. That's fine, but that's not the case. Can I ask you a more fundamental question, still on your point on enhancement? In our remand decision to the district court, which he cited snippets of in his opinion, we said, thus, in assessing the culpability of Pulse's conduct, the district court should consider as one factor in its analysis what Pulse knew or had reason to know at the time of the infringement of the HALO patents. Isn't that at least, is that confusing in your view? I mean, were we suggesting there? I mean, it could be read one of two ways. That we take the jury verdict, and it's one factor, and we agree with it, and we don't touch it. Or broader, that that's one factor in the analysis, but the district court should consider what they knew or had reason to know at the time of the HALO patents. So wasn't this court saying that for egregiousness purposes or whatever, we can look at the facts. Granted, the jury says they knew or they had reason to know, but egregiousness is a bit of a different inquiry, so I, district court, can evaluate the facts, again, not differently, but under a different rubric, and why is it that fair game? So I think you've framed it well. I think in isolation it might be confusing. I think in the law that we've cited in our briefing, it's not confusing. I think what you can do, saying it's one factor, is, yeah, in deciding egregiousness, there are other factors like the size of the parties, action in litigation, things that aren't mens rea factors. What's that? The closeness of the case. There are non-mens rea factors to look at. Okay. But on the mens rea factors, some of them are just straight up square on with willfulness. Some of them are related to the mens rea, like the opinion letters, for example. On those, you have to start with the jury finding on willfulness and go from there. So it is, there are other things to consider. But if I'm the district court, okay, like on the copying or whatever, can I say, yes, the jury found this, but I'm evaluating the egregiousness of the conduct. So I'm looking at both arguments made, thinking it was close, not dislodging what the jury concluded. That's a given. But saying, yeah, this was close, there was evidence on both sides. Isn't that a valid consideration and one that's completely proper for the district court to employ in his enhancement analysis? I think in the way you framed it, that would be okay, but I don't think that's what the district court did here. The district court said, these guys went and got opinion letters and could have relied on them. That is something that is directly mens rea related, and if they relied on their opinions, they couldn't have been acting with reckless disregard, as the jury found. So there are certain, I don't want to say they can't consider that because the court has a broad range of things it can consider. But as an example of the opinion letters, the court has to say, well, wait a minute, the jury has told me that they acted willfully, and that's contrary to saying that they relied on these opinion letters. And so that is the sort of factor, and that was the central factor for the district court here was those opinion letters, along with the other mens rea issues that we raised. And again, our opponent has not raised this issue at all. Their whole argument is about that we are arguing that you have to grant additional damages if there's willfulness. That's not our argument. So they have not presented the arguments that the court has today. Except for the opinion letters, any other arguments to be made that are contrary to what you nicely said was a good way of my framing of the issue? I think also the opinion of the engineer that the court relied on. Also that Pulse wasn't put on notice by HALO's licensing letter. I think that's an implied finding of willfulness. And also the copying evidence, and that's an implied finding of the jury verdict. So I think basically everything, if not almost everything, if not everything. Hypothetically, though, we would agree with you that the opinion letters just were a step too far. Is there really any reason to conclude or to even opine that the district court's decision on remand as his analysis of the remainder of the record outside of those opinion letters would lead him to an enhancement conclusion? I think if you go to the bottom line, the court goes through the factors. It has a paragraph that says, well, certainly HALO presented other evidence. And then that next paragraph, I think it's maybe A21 of the opinion, the bottom line paragraph of the opinion is almost all about the opinion letters and the engineer's opinion. So to your question, if we take those opinion letters out, that undermines the exercise of discretion, and it would have to be redone without the opinion letters. So I don't think the court can affirm if the opinion letters go out. Rule 41. I think, again, what our argument here is that the district court really made two fundamental errors at the front end of its analysis. Number one, it used its reasonableness analysis from 2017. That analysis was premised on the idea that on September 6, there was a final judgment. Of course, any delay after that is unreasonable. We had 30 days to react to a final judgment. So it's very hard for us to say that if you accept the premise that there was a final judgment on September 6, that any time after that was unreasonable. But that's not true anymore. This court told the court that it wasn't a final judgment. So that goes off the board. And then the other basis that the court provided. There's a difference between a judgment, which is the final judgment of a district court, and a judgment that we decide turns out not to have been final for purposes of appeal. I mean, if I enter a judgment and I think, I'm done with this case, that's a final judgment as far as I'm concerned. And lots of things flow from that, including things like prejudgment interest. That doesn't mean that I have necessarily addressed all the issues that needed to be addressed and the Court of Appeals may tell me so and send it back. It's a different notion of finality, right? True that, but that's a valid... The question is, why isn't the judgment... Well, first of all, there was a judgment back in 2013, right? Non-final judgment, right. Final but foreign accounting. But for purposes of calculation of prejudgment interest, that was the final judgment. I don't think so. And you said so back in 2016, because that's when you were making the argument that the prejudgment interest should be calculated from that date. That's the date you picked. Right, but that was never ruled on for that date, so there's no judicial estoppel. And again, our proponent has not made this argument. But as of 2016, it seems to me that the... That's the point at which... Okay, 2017, I guess it is. 2017, that's the point at which the Court says the case is closed. As far as the Court is concerned, he's done with the case. Correct, and that's fundamental. As far as the Court is concerned, he's done. He never communicated that expressly, implicitly, or otherwise to the parties. If I say the case is closed, and I don't say it's administrative closed or whatever, that seems to me to signal about as clearly as the Court could do that the case is over as far as that judge is concerned. Why not? So I disagree with that. Number one, we presume that judges do the right thing. And final judgments, as the Court knows, used to be a mess. And the rules changed to provide some daylight on what was a final judgment and what was not, and the Court has to jump through certain hoops. And the Court here didn't jump through any of those hoops. What the Court did is they closed the case. They didn't label anything final, never labeled. The brief says at footnote 2 on page 5 that it was labeled final. It was not labeled final. This is critical. The Court did not tell the parties that it was final. The Court did not tell the parties that he intended it to be final. The Court did not say anything in that regard, and we cite various cases that tell us courts can close cases. You mean administrative closing? Yeah, it doesn't regulate it. I looked at those cases that you cite, and in those cases, the circumstances or even the language used by the Court seemed to me to be consistent with saying that that was administrative closure, whatever that means, but it's permitted, but only in limited circumstances in place of a stay, let's say, or perhaps a dismissal without prejudice. But here, the case is closed. No associated language suggesting this is administrative closure. Your whole argument seems to me on 41B depends on that action not being the final action in the case. But as far as the judge was concerned, it seems to me it manifestly was. Again, I think there's two issues there. What did the judge think? That's irrelevant, and I think that's the other error of the judge, is by saying that we knew he made a mistake when he never told us he made a mistake. But then you have the objective framework of were we on notice that we had an obligation. And you say that administrative closure is narrow, and I disagree with that. There is no rule on administrative closure. The courts have said that it's something judges do on their own, and that is a power judges have, but I think it comes with a responsibility. So when we look at a closure and it's not labeled final, it's not labeled administrative, I think that's on the court, not on us. If you want to tag a party with a duty to act, then the judge needs to make clear that there's a duty to act. So the judgment that was entered on that day in 2017 that said judgment, if it had the word final in front of it, then you would be? Much better case. Dispositive. If it truly was a final judgment, you know, separate document requirement, all of that, yes. Yeah, all right, I think I understand. But just labeled final but not truly final, I think it's a much better case, but that is definitely not this case. And they've never made an argument that somehow our notice came in later in time and our duty arose later, and that's another party presentation issue that the court cannot sui sponte, find that the delay somehow raised it. Their position has been always that on September 6th we were on notice, and that this was the final judgment and always has been. The final judgment was labeled the final judgment, which is not true at all. I'll reserve the rest of my time. Good morning, Your Honors. My name is West Allen. I'm here on behalf of the defendants and cross appellants, Pulse Electronics, Inc. and Pulse Electronics Corporation, which are now owned by another entity, third-party purchaser called the AGO. In three months, this case will be 18 years old. Can you start with any comment you might have on the questions we posed to your friend at the outset with regard to the preservation or the analysis of the argument regarding the term? We can. I can. Your Honor, in truth, this appeal right now today is really about one thing, and that's the prejudgment interest. You never called that out in your briefing here, right? I mean, you bought into this is about enhancement and fees. Right. My colleague's team filed the appeal, kind of jumped us filing the appeal because the real issue that was always in question was how do you assess prejudgment interest from what day, and was it the right amount? And that was our appeal, and that is our cross appeal. The issues raised by my colleague concern enhanced damages, which both the first district judge and the second district judge addressed. Of course, this is the famous HALO case. And so the HALO case went back, and we had to decide, are there enhanced damages? Ten years of history now show us that those enhanced damages were not appropriate in this case because of all the reasons your Honor has already alluded to. The standards for enhanced damages, the standards for do we do a new trial on damages or have even attorney's fees, those issues have rightly been decided by the district court. Okay, but that's not my question. My question is, was there an adequate preservation of the issue, not just of enhancement but of attorney's fees in this case? No, we believe there's not. We believe those issues are long closed. Because you never made that argument. I mean, you obviously never made an argument on attorney's fees specifically because they never did. Right. I don't believe the dispute that the issue of attorney's fees is long since closed. Okay, can we move on to enhancement then?  Your friend made a number of arguments, but one of them that has some heft in my view is the question of allowing the opinions of counsel, which were never part of the record that was before the jury, whether the district court's reliance on those is appropriate and proper.  One, including in your answer, can you say the extent to which your friend says that that was a centerpiece or a major piece of the district court's conclusions in this case? I disagree, and I think the record shows that we would disagree that those opinion letters were the central issue that the court had to focus on. There were a litany of factors the court focused on, including under the totality of all the issues, the fact that the HALO folks have been involved in microchip manufacturing since 1975. There was significant testimony given, and this is in our briefing, there was significant testimony given concerning an expert that said the patent is obvious. There were, yes, these two opinion letters that were clear that the patent was obvious, and I went back and looked, because I'm new counsel. I went back and said, how is it possible that those important critical opinion letters weren't presented? And the answer is quite simple. I believe there's two reasons. Back in 2007, there was a worry that litigation counsel would waive attorney-client privilege if they disclosed legal evidence. You're telling us now it was all in the record, right? All the information you've gleaned as new counsel. The only thing that's in the record is that the opinion letters were relied on by the district judge in considering the totality of the circumstances. How do we know what, I thought there was some indication in the briefing that they said that you didn't want to put them forward because of the attorney-client privilege. That is one reason. Yes, that was in the briefing. And also another reason is probably the fact that this case changed the old Seagate standard, which is there's objective and subjective reasoning, and the Supreme Court decided we don't want to let dumb pirates free. And the essence was you can't get off just because it turned out that there was literally a way that you could have had a defense, but you never even bothered to look at that defense. And so what happened now is what I call a halo problem, which is what every single plaintiff in every single patent case petitions the district court for enhanced damages. Okay, but how is it appropriate for the district court, having a jury verdict, to rely on evidence that was not presented not before the jury? I think the short answer is that the Supreme Court made clear in this case on remand that the district judge's job is to look at the totality of the circumstances, considerably more perhaps than what a jury would know, and decide is this party a pirate. That's the ultimate decision that the Supreme Court made. And so what this district court did, having not the 10 years of experience we have now, he simply said, let's look at the facts. Did this Pulse party become a pirate by ignoring something that they should have known was a valid patent? And all the evidence was... I mean, I guess we can all define facts how we want to, but are they really facts in terms of the propriety of their use when they weren't facts presented by you to the jury and they weren't facts considered by the jury or even on its plate? I mean, just how far can this go in terms of, you know, the view that district courts can consider stuff outside of the record that wasn't before the jury in terms of enhancement or attorney's fees? How far can that go? I believe there would be no truth that should be left unprecedented. I honestly believe that would be what the Supreme Court would... Let me ask the question this way. If we revamp, shouldn't we also instruct the district court that it cannot consider the two opinion letters that were withheld from the jury? No, I do not believe that would be correct. I believe the Supreme Court has required the district court judges, the district court judge says to consider all the evidence.  It gives Pulse a sword and shield type protection with respect to this issue? You've got the letters that are withheld from the jury? Yeah, again, they were withheld for the reason of the law at that time, created trial to answer one concern. It's one thing if you open the verdict. If we reopen the jury trial and you say, okay, you can consider them, they weren't subject to cross-examination by the other side, right? I mean, how do we know what would have gleaned, what would have come out, what the jury would have thought of those or even the district court judge if they had been subject to the normal process in terms of direct and cross-examination? Yeah, importantly, the district judge didn't look at those opinion letters for the truth of the matter of the opinion letters and what they actually said, which was that there was probably an obvious patent here. What they looked at is the fact that this party did due diligence like any responsible corporation would. They literally not just relied on their own expert internally, they went out and got objective lawyers or patent lawyers to say, is this patent valid or not considering what's out there? Did the jury know that? What was allowed and not allowed? No, they didn't know that. I'm sorry, they didn't. They did not know that. This entire case is based on the fact that the jury never knew competent patent lawyers decided. Based on your choice. Not my choice, prior counsel's choice. Whatever the reason was, and I think the reason was Seagate was the standard and they didn't have to worry about it, and mostly they were worried about attorney-client privilege. I believe that's really what happened there. So that case went forward and hindsight says, wow, that was an unusual strategic decision. I believe that some of the issues in this case are based on the timing and the intervening Supreme Court decision, and that makes it hard to know how typical this is going forward and what things may be done and not done differently at the outset based on the new standard. Yeah, and I respectfully, Your Honors, I believe the enhanced damages issues because this case has been here twice and to the Supreme Court once, those enhanced damages issues were rightly decided and brought on appeal and sent back, and those issues really truly are closed. I believe if you look at the record you'll concur that the issue of enhanced damages, a new trial on damages, those are rightly closed. I started by saying this is an 18-year-old case, but it's even worse because the dispute goes back to over two decades. Let me see if I understand what your position is with respect to the foreclosing effect, if any, of the jury's verdict. Number one, do you believe that the jury's verdict has some effect to foreclose certain types of issues from the judge's consideration in the enhancement stage? I believe that's possible. I don't believe it's the case with respect to these opinion letters. Okay, okay, I'm just trying to get the lay of the land. The Seventh Amendment argument that's made by your opposing counsel was brooded about in the Supreme Court and never decided, but it's, as far as I can see, unresolved. But you're saying, yes, it does have some bite. Under the right circumstances I believe it's true, but I think the basic principle is the Supreme Court said, District Judges, you look at everything. Find the truth. Everything except that which has already been decided by the jury, correct? Right, and willfulness often is a decision by a jury, but it's not willfulness that de facto creates enhanced damages, and that's the concern that we would have and everybody has, which is what my opponent would like to say. So in terms of what evidence the judge, thinking about enhancement, may not consider, tell me how you would characterize that evidence in this case. That he may not consider? That he may not consider, that he may not second-guess the jury on. What is it that he may not say as the basis for his decision? Certainly the jury verdict. That's the Seventh Amendment issue. Yeah, but what factual questions are foreclosed from his second-guessing the jury on? I believe there likely would almost never be any because of these issues we've discussed. If there are some that can be raised by a party, I would hear that argument. But in this case, the reason it was appropriate to rely on those letters because it was the totality of the circumstances and it was an important fact to decide, is this a pirate or not? And hindsight says, well, they should have let the jury know about that. I would concur with that, but they didn't. But the points I really want to get to as well, Your Honor. Go ahead. You would not argue, I take it from your earlier answer to me, that the judge could say the jury found willfulness, which means that they found that the party knew or should have known that there was a valid patent. But I don't believe that's true. The judge can't do that in enhancement, correct? Correct. And I don't believe he did that here. Okay. I just wanted to make sure how much ground you were ceding to the Seventh Amendment. That is correct. That is correct. They found that. But what the judge didn't do is simply say, oh, there's opinion letters, let's look at that, and that's deciding how I'm going to rule here. The judge went through multiple factors, including testimony in the trial itself, which included Dr. Dean Lawrence Larson, the Dean of Engineering at Brown University, who this is all he did, and he talked about why this was obvious. But ultimately the important thing isn't that the opinion letters said it's obvious. The important thing is that a corporate-respected organization did everything they could that a reasonable corporation would do to say, do we have a problem or do we not? Did we do this first or did they? No, no, no. Well, isn't another aspect whether they relied on the opinion letters? I mean, wouldn't you need someone to say is there – there's no – I assume there's no record evidence because they would never submit it. I mean, what if your client gets up on the stand and somebody says, did you rely on these? And he said, nah, somebody decided to spend the money on these, but I could care less. That would obviate the extent to which one could rely on the opinion letters for intent, right? So they would deny that opportunity at trial because the evidence wasn't put in. Isn't that a problem for us here? I don't think so because, again, the Supreme Court said look at the truth, define and discern what the truth is. But we don't know what the truth is. There's no record evidence as to – there's record evidence that there were opinion letters. There's no record evidence, is there? I guess that's a question. I haven't read the entire record line by line. But I assume there's nothing in the record to establish that your client relied on the opinion letters. That's correct. The prior counsel made the decision not to bring that up. Okay, so isn't that a problem? Not the opinion letters per se, but how can one use the opinion letters to – in the analysis of either willfulness or enhancement, if there's no testimony saying I relied on those opinion letters? Because the Supreme Court said consider all the circumstances and it is a factor, not what the letters say, which the other side will always have examined. No, but the question is whether they relied on the letters, right? Right. The question is – in that case, the question is yes, would they rely on the letters, but the judge – the district judge, after the fact – And we don't have any evidence on the record that they relied on them. I mean, the judge seems to have presumed – The judge withheld the letters from the jury, right? The judge withheld the letters from the jury. The letters were never presented to the jury by the prior counsel. Because the judge withheld them. The judge would not allow the letters to be presented. No, actually, the prior trial counsel decided not to. I thought it was a matter of authentication. No, no. The trial counsel made a litigation decision based on their concern, I believe, of waiving attorney-client privilege back in 2007. Before your time runs out, Judge Friesen may have questions. On the cross-appeal. Yeah, what do you think is the date of the judgment for purposes of determining the amount owed in prejudgment interest? That's one of the important reasons I'm here today, Your Honor. The date, as Your Honor has disclosed, it's the judgment date, the monetary judgment date is what I'll call it. And that date was in May of 2013. And not only that – Well, there's a satisfaction of judgment in this case, which is a point that must be made today, which is this party, the polls, has paid the judgment, has paid all post-judgment interest. But does that include the $571,000 that HALO asked for in 2020 as the prejudgment interest ending in 2013? No amounts can be paid for prejudgment interest.  So why do you not at least owe that much? Even if you don't owe $1.3 million, why don't you at least owe the $571,000 or $561,000? There are three reasons, and those are the last three reasons I quickly have to go through. Number one is the issue of 41B. The case should have been closed. The court said it was closed. The parties relied on it being closed. A new purchaser, third-party, innocent third-party purchaser decided and understood it was closed. They come into the fact that three years late, this other side says, oh, by the way, you forgot prejudgment interest. Well, that's true. In 2017, we all knew that. And the other side's arguments that somehow that's a surprise, we weren't put on notice, that's disingenuous. I was the attorney on the other side at the time. Their counsel called me, and we talked about, it appears there has been a mistake. Their briefing admits that there was a mistake. There likely clearly was a mistake. That is the date that everybody knew we may have a problem. Three years go by. A new party comes in and buys the companies. And now that party is injured because the case was closed, as far as this party understood the United States court system, how it worked. That's reason number one. There should be no prejudgment interest allowed at this stage. Number two is the date factor. They calculated interest by the wrong date. Everybody forgot because the case is so long that the judgment was actually 2013, in May of 2013. Well, no, I'm asking why is not, why don't they get at least prejudgment interest up to 2013? So that's the date you're talking about. The only reason would be the prejudice issue for an instant third party. And the three-year delay that this court, the district court, has actually found. It was substantial. It was material. It was real. In fact, is the reason the court dismissed the case early on and why we're here again is because the court actually found that it was too long. And the first argument we have today is prejudgment interest is inappropriate here because it was too long. Three years is by definition too long. The other side knew it. They said nothing. And we go three years later and the third party was prejudiced. And that's the injury why there shouldn't be any prejudgment interest now. And then the other quick two issues is the amount was wrong because they applied the wrong standard. The Lane-Tram case for this court and other progeny make it clear that if you're going to give it a super high interest rate, there's got to be a reason for it or it's punitive. And they didn't do that. They didn't present any evidence that they borrowed money at a higher rate. So the T-bill rate is the appropriate rate under the Lane-Tram cases. But judges have an immense amount of discretion in choosing what to use. And the state law is frequently used. They do, but I would invite this court to make that clear because what I call the halo problem is not just everybody petitions. The other problem is that this prejudgment interest becomes a replacement for punitive damages. And that's what's actually happening in this case. They're trying to get so much punitive damages because the interest rate is multiple times higher than the post-judgment. There's clarity on post-judgment. In this case, we have had a satisfaction judgment and we paid post-judgment since May 2013. There's nothing else after 2013. We've paid that completely in full plus interest. Both sides stipulated that. Thank you. This is just, if I can, a quick question for clarification. And this is to the prejudice to the third parties that purchased Pulse. Yes. Was there any, like, due diligence? I'm having a hard time understanding how a third party can be prejudiced under these circumstances. Surely they must have known that this potential risk was out there. Thank you, Judge Reina. Excellent question. And they were aware of all the facts that the records show. There was a judgment in 2013. There was a closure of the case in 2017. There was a satisfaction of judgment in 2016. Everything had been paid, including the full judgment and all post-judgment interest from 2013. The only issue was, was there going to be prejudgment interest allowed? And three years had passed, or at this time, almost two, had passed since the case was closed and the other side said nothing. Arguably, we always have the defense that there shouldn't be any prejudgment interest. We never even had that discussion with the district judge, ironically, in this case. But for that reason, our party said we shouldn't have prejudgment interest, but there is this risk. But after three years, the federal rules make it clear that's too late. And that's what was conveyed to the other side, and that's what they relied on. Their big question to us now is, how is this possible? Three years went by, and suddenly springing to life is a request for prejudgment interest again. Thank you. We'll restore two minutes. Let me start where you ended. There's no evidence whatsoever of the last part about what Yagio knew or didn't know. I think all the declaration was that Yagio purchased them. And the gray brief, which we haven't had a chance to reply to, refers to successor in interest, merger. That didn't occur. This is a parent subsidiary. These are two different companies under corporate law. You would have to pierce the veil for Yagio's prejudice to be relevant. So that alone is a reason that this court would have to vacate both the interest and the Rule 41 because the district court depended for its prejudice finding, which the finding it has to make 100% or at least 90% on Yagio and not on Pulse. If we disagree with you on the Seventh Amendment and the Rule 41, and we're down to the interest calculation, I guess I have two questions. One is, isn't it correct that the judgment for purposes of prejudgment interest is 2013, May 28, 2013? I don't think that's true, and I don't think they've raised it again. That's what you said to the district judge back in 2016 and again in 2020 when you calculated the prejudgment interest. It seems to me that the one thing you can't do is change your position on that at this point. Well, I think we can because we finally have a final judgment, right? I'm saying if you've lost on the question of whether the 2017 was a final judgment. No, I think we can update it. The only way that we would lose that is if there was judicial estoppel and the premise for judicial estoppel is in place, and they haven't asked for it. But there's a lot of court decisions saying that you look at the time of the first judgment. Even if something happens on appeal, they tinker with this or that, still, unless they throw the judgment out altogether, that's the date that counts for prejudgment interest. Why isn't that true here? So you have me flat-footed because this wasn't briefed at all. And so I don't know exactly what those cases say. The 2013 issue of stopping, that was never made. They talked only about stopping in 2016, and if you look at our presentation, toward the end of the appendix, we actually did reduce by $1.5 million in 2016. So the one argument they make about the end of the interest period, at appendix 2538, you'll see our table, reduced to $1.5 million. So we took care of that. They haven't made this 2013. But after 2016 and 2017, in 2020, you made the argument to the district court that the amount of prejudgment interest traceable to 2013 judgment was $571,000. Why aren't you stuck with that? I think... You're really pleading, I'm talking about. I do. I'm not deeply aware of it because, again, they haven't raised it, so I didn't study it in preparing for this argument. But I think what we said was that's what we gave. Times have moved on. We now have a final judgment. But nothing happened, neither the 16 or the 17 order. Those had both occurred prior to the 20 order. Correct. So nothing has happened since then that changed the finality of the judgment, right? It was never a final judgment. I think the court said that in the last case. Well, that would suggest that prejudgment interest doesn't stop running until this case is actually completely over. You're not contending that. That is, after we rule and if we remand it, the district judge does whatever he does, and nobody takes any appeals. That's not your argument, right? I think the line between prejudgment interest and post-judgment interest is the final judgment. So, in other words, there's no such thing. If you say that, then it seems to me you've abolished post-judgment interest because nothing happens until the case is completely over, and everything before that is prejudgment interest, in which case there's nothing to post-judgment interest unless you delay making a ruling. So there's interest on the $1.279 million that we don't have that is post-judgment interest, and the court recognized that in a footnote near the end of its opinion. Just real quick, I need a site for the preservation of the fees issue, and I'll point the court to A756. It's our motion for enhanced damages and attorney fees, and we rely on the willfulness for both of those. It starts at 756. It goes for 20 pages, but it is in the appendix. Thank you. We thank both of the aides. The case is adjourned.